# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09574-RGK-GJS | | Date | October 23, 2020 |
|---|---|---|---|---|
| Title | *Edgar Sanchez v. Komori America Corporation et al* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Remanding Action to State Court**

On June 4, 2020, Plaintiff Edgar Sanchez ("Plaintiff") filed a complaint against Defendants Komori America Corporation, Komori Corporation ("Defendant"), Doe Dealer, and Doe Defendants alleging claims for 1) strict products liability; 2) negligent products liability; and 3) negligence. Plaintiff's claims arise from Defendants' allegedly defective product which "failed to deploy properly, causing Plaintiff to fall . . ." and injuring him. (Compl. ¶ 9, ECF No. 1-1.) Plaintiff served Defendant with the Complaint on June 23, 2020. Defendant is the only party that has been properly served. No other defendants have appeared or been joined. (Notice of Removal ¶ 2, ECF No. 1) On October 19, 2020, once Defendant believed the case was removable, Defendant removed the action to this Court alleging jurisdiction based on diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

A civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed. Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.

28 U.S.C. § 1332 provides that district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court based on § 1332 bears the burden of proving that the amount in controversy is satisfied. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007); *see Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (recognizing the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant.") "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Id.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09574-RGK-GJS | Date | October 23, 2020 |
|---|---|---|---|
| Title | *Edgar Sanchez v. Komori America Corporation et al* | | |

Here, Plaintiff's Complaint was silent on the amount of damages sought. On July 24, 2020, Defendant served Plaintiff with a Request for Statement of Damages. Plaintiff's response again did not specify the damages. On September 25, 2020, Plaintiff responded to Defendant's discovery requests stating that he's lost "at least $28,600 on lost wages" and that he will continue to lose "at least $2,600 per month until Plaintiff is able to find alternative employment within his medical restrictions." (Notice of Removal ¶ 8.) Based on this response, Defendant now believes the amount in controversy is satisfied. But Defendant merely speculates that Plaintiff would be unable to find suitable employment for over 17 months, which is what would be required to satisfy the amount in controversy. Accordingly, because Defendant has failed to satisfy its burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, the Court **remands** the action to state court for all further proceedings.

Accordingly, this case is hereby **REMANDED** to state court.

**IT IS SO ORDERED.**

cc: Superior Court of California County of Los Angeles, 20STCV21070

_____ : _____

Initials of Preparer                    jre